IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG CHARLES, # N-63233, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-284-JPG |
| | ) |
| DONALD GAETZ, VIPIN SHAH, | ) |
| CHRISTIE BROWN, K. DEEN, | ) |
| and JACKIE MILLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition, discriminated against him, and retaliated against him for filing grievances.

More specifically, Plaintiff claims that he suffers from severe back pain due to a January 2009 assault by correctional officers in the Cook County Jail (Doc. 1, p. 3). While in that facility and in the Stateville Correctional Center, he had been given physical therapy and prescription pain medication which effectively relieved his symptoms. However, since Plaintiff's return to Pinckneyville on November 2, 2011, his old injury has been aggravated and his pain has become markedly worse. Plaintiff went to sick call complaining of his severe pain. He first was given Tylenol, which was ineffective, and later was given Ibuprofen, which irritated his stomach and caused him to vomit and become dizzy (Doc. 1, pp. 3-4). He saw Defendant Dr. Shah on February 17, 2012, and requested medication for pain relief, explaining that the pain was shooting down his legs, he was unable to climb up or down from his top bunk, and the amount of

standing required in his work assignment intensified the pain (Doc. 1, p. 5). Defendant Shah refused to give Plaintiff any pain medication or other treatment, and told him to lose some weight.

Plaintiff submitted an emergency grievance to Defendant Gaetz (Pinckneyville Warden) over this denial of pain treatment (Doc. 1, p. 6). Defendant Gaetz referred the grievance to Defendant Deen (grievance officer) for an emergency hearing. Defendant Deen sought a response from Defendant Brown (Pinckneyville Health Care Unit Administrator), who stated that Plaintiff would receive no pain medication and "would not be treated for his pains by the health care unit," per Defendant Shah's conclusion that losing weight would relieve his pain. *Id.* If Plaintiff was not satisfied, he could purchase Tylenol from the commissary. Plaintiff appealed the denial of his grievance to Defendants Gaetz and Miller, but they denied his appeal.

Plaintiff continued to make sick call requests to be seen for his ongoing pain, but they went unanswered because of Defendant Brown's orders that he would not be treated for this condition (Doc. 1, p. 7). Plaintiff saw Defendant Shah on June 8, 2012, for an appointment to check his blood pressure. His back pain was so severe that he could barely get out of bed for his appointment, so he again requested treatment for the pain. However, Defendant Shah refused to treat him because Plaintiff could only be seen for one medical issue at a time. Plaintiff filed another grievance over this denial of treatment. Plaintiff submitted more sick call requests, to no avail. When he asked Defendant Brown why his sick call requests were unanswered, she told him he would not be seen for his back problems because Defendant Shah said he did not need pain medication (Doc. 1, p. 9).

Plaintiff's back pain has continued without relief. In addition, he has begun to suffer digestive and bowel problems that he attributes to his inactivity and inability to move or engage in activities such as walking to chow hall or attending classes, all of which he has curtailed due

to the severity of his pain (Doc. 1, p. 9).  He seeks unspecified injunctive relief, as well as compensatory and punitive damages (Doc. 1, p. 12).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Shah and Brown for deliberate indifference to his medical need for pain treatment (Count 1) and for retaliation (Count 2), in that they denied him fair access to the sick call process after he filed grievances against them.

However, the claim for discrimination against Plaintiff based on being overweight (Count 3) shall be dismissed.  Plaintiff assumes that overweight prisoners constitute a "protected class" of persons under the Equal Protection Clause.  He claims that "equally situated" inmates of normal weight are provided treatment when he was denied treatment on the basis of his weight.  The Court need not decide whether this theory has merit, because it is based on the same set of facts as Plaintiff's deliberate indifference claim, which shall receive further consideration.  Such a redundant claim may be dismissed.  *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 Fed. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims).

Further, Plaintiff has failed to state a claim upon which relief may be granted against the remaining Defendants.  Defendants Gaetz, Deen, and Miller are not medical providers, and their involvement in Plaintiff's dispute over the denial of medical treatment was limited to investigating and reviewing his grievances.  Indeed, the complaint indicates that Defendant Gaetz responded to Plaintiff's initial "emergency" grievance by ordering an expedited hearing to

resolve the matter.

In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). By the same token, a warden cannot be held liable for misconduct of his subordinates on the basis of his supervisory role alone. *Sanville*, 266 F.3d at 740 (the doctrine of *respondeat superior* is not applicable to § 1983 actions). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff thus has no claim against Defendants Gaetz, Deen, or Miller, merely because they did not give him the desired response to his grievances and complaints about the lack of treatment for his medical needs. Finally, if a prisoner is under the care of prison medical professionals, non-medical prison officials "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, Plaintiff fails to state a cognizable claim against Defendants Gaetz, Deen, or Miller. They shall be dismissed from the action with prejudice.

**Pending Motion**

Plaintiff's motion for service at government expense (Doc. 2) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff has paid the required filing fee in full, and service shall be ordered below on the Defendants who remain in the action. The dismissed Defendants shall not be served.

**Disposition**

COUNT 3 is **DISMISSED** without prejudice as duplicative.  Defendants **GAETZ, DEEN,** and **MILLER** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SHAH** and **BROWN**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **SHAH** and **BROWN** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 16, 2013**

s/J. Phil Gilbert
**United States District Judge**