UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG CHARLES,

    Plaintiff,

v.

DONALD GAETZ, VIPIN K. SHAH, CHRISTIE BROWN, K. DEEN and JACKIE MILLER,

    Defendants.

Case No. 13-cv-284-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 90) of Magistrate Judge Philip M. Frazier recommending that the Court:

- deny plaintiff Craig Charles' motion for summary judgment (Doc. 55);
- grant in part and deny in part defendant Vipin K. Shah's motion for summary judgment (Doc. 57); and
- deny defendant Christie Brown's motion for summary judgment (Doc. 60).

Specifically, Magistrate Judge Frazier recommends the Court deny summary judgment to Charles and Shah on Charles' Eighth Amendment deliberate indifference to medical need claim (Count 1) and grant summary judgment for Shah on Charles' First Amendment retaliation claim (Count 2). He further recommends the Court deny summary judgment to Charles and Brown on Counts 1 and 2. All three parties have objected to the Report (Docs. 91, 93 & 94).

Charles, an inmate at Pinckneyville Correctional Center at all relevant times,[1] claims that the defendants were deliberately indifferent to his medical need for treatment of his back pain and related problems related to his inability to ambulate caused by his back pain. He also alleges they failed to provide him proper treatment in retaliation for his filing grievances.

---

[1] Charles is currently housed at Dixon Correctional Center.

I.      **Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made. *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

II.     **The Report**

The Court has reviewed *de novo* the parts of the Report to which objection was made and has reviewed the rest of the Report for clear error.

   A.   Count 1

Magistrate Judge Frazier concludes with respect to Count 1 that no party has satisfied the summary judgment burden of showing no genuine issue of material fact.  He describes certain evidence that, if believed, could cause a reasonable jury to find in favor of Charles or in favor of the defendants.  Therefore, he recommends denying summary judgment to all parties.

Shah objects, arguing that the evidence presented by Charles only shows, at the most, a difference of opinion about the proper medical treatment, not deliberate indifference.  Similarly, Brown argues the evidence does not support the inference that she interfered with his access to medical care or otherwise was deliberately indifferent to his medical need to be seen by a medical professional and instead simply shows she relied on Shah's assessment that Charles did not need care for his back pain.  In contrast, Charles argues that the evidence establishes the defendants knew of and disregarded his need for medical treatment for his back pain.

2

The Court has reviewed the evidence on file and agrees with Magistrate Judge Frazier that a reasonable jury could find in favor of any of the parties on Count 1.   Accordingly, the Court will adopt Magistrate Judge Frazier's recommendation to deny all parties' summary judgment motions as to Count 1.

    B.    Count 2

Magistrate Judge Frazier recommends granting summary judgment in favor of Shah in light of the fact that Charles did not respond to Shah's request for summary judgment.   The lack of a response is likely due to Charles' voluntary dismissal of Count 2 against Shah earlier in this case (Doc. 48).   Summary judgment is not proper on a claim that has already been dismissed from the case.

As to Count 2 against Brown, Magistrate Judge Frazier concludes that the evidence on file could lead a reasonable jury to find in favor of Charles or Brown.   He therefore recommends summary judgment be denied as to both parties.

The Court has reviewed the evidence on file and agrees with Magistrate Judge Frazier that a reasonable jury could find in favor of Charles or Brown on Count 2.   Accordingly, the Court will adopt Magistrate Judge Frazier's recommendation to deny Charles' and Brown's summary judgment motions as to Count 2.   However, it will reject the Report as to Count 2 against Shah, a claim which has already been dismissed from this case.

### III.   Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 90) with the exception of the recommendation as to Count 2 against Shah;
- **OVERRULES** the objections filed by Shah (Doc. 91), Brown (Doc. 93) and Charles (Doc. 94), and

- **DENIES** the motions for summary judgment filed by Charles (Doc. 55), Shah (Doc. 57) and Brown (Doc. 60).

This case is now ready for trial on Count 1 against Shah and Brown and on Count 2 against Brown.  It is the Court's preference for the plaintiff to be represented by counsel at trial.  The Court **ORDERS** that Charles shall have up to and including December 30, 2015, to file a motion for recruitment of counsel.  Should he not file a motion by that deadline, the Court will recruit stand-by counsel to assist Charles during the trial.

**IT IS SO ORDERED.**
**DATED:   November 30, 2015**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**