UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG CHARLES,<br><br>       Plaintiff,<br><br>    v.<br><br>DONALD GAETZ, VIPIN K. SHAH,<br>CHRISTIE BROWN, K. DEEN and JACKIE<br>MILLER,<br><br>       Defendants. | Case No. 13-cv-284-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Craig Charles' motion for reconsideration (Doc. 92) of its April 28, 2015, order (Doc. 79) affirming Magistrate Judge Philip M. Frazier's order allowing defendant Christine Brown to amend her answer (Doc. 75). He claims Brown committed fraud to convince the Court to allow her to amend her answer to his retaliation claim by stating that she would submit to discovery on that claim. In reality, he claims, she objected to Charles requests for document production and failed to produce relevant documents.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption

against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Charles has not pointed to any compelling reason for the Court to reconsider its decision allowing Brown to amend her answer.  The Court notes that she represented she would submit to discovery, but not that she would waive all objections to the discovery Charles would seek.  That she chose to object to his requests in her response is not the same thing as refusing to submit to discovery, and in any case did not constitute fraud.  Charles has voiced his objections to Brown's response in a motion to compel pursuant to Federal Rule of Civil Procedure 37(a), and Magistrate Judge Frazier has denied that motion (Doc. 99).  For this reason, the Court **DENIES** Charles' motion for reconsideration (Doc. 92).

**IT IS SO ORDERED.**
**DATED:   December 21, 2015**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**